IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RONALD FITZGERALD WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-25-1124-SLP |
| ) | |
| SCOTT TINSLEY, Warden, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Petitioner Ronald Fitzgerald Williams ("Petitioner"), a *pro se* state prisoner,[1] has filed a Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. 1).[2] United States District Judge Scott L. Palk referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). (Doc. 3). For the reasons set forth below, the undersigned recommends that Petitioner's Petition for habeas relief be **DISMISSED** without prejudice on screening.

---

[1] A *pro se* litigant's pleadings are liberally construed "and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). But the court cannot serve as Petitioner's advocate, creating arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[2] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

**I.      Screening**

The Court must review habeas petitions and summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." Rule 4, Rules Governing § 2254 Cases. "[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." *Day v. McDonough*, 547 U.S. 198, 210 (2006). This Report and Recommendation provides Petitioner with notice, and he can present his position by objecting to the recommendation. *See Smith v. Dorsey*, 30 F.3d 142, 1994 WL 396069, at *3 (10th Cir. July 29, 1994) (noting no due process concerns with the magistrate judge raising an issue *sua sponte* where the petitioner could "address the matter by objecting" to the report and recommendation).

**II.     Background**

Petitioner is currently incarcerated at the Dick Conner Correctional Center in Hominy, Oklahoma. (Doc. 1, at 1); *see also* OK DOC# 269534, Oklahoma Department of Corrections OK Offender.[3] In the Comanche County District Court, Petitioner was convicted at a non-jury[4] trial of one count of aggravated trafficking in illegal drugs, one count of unlawful possession of controlled drugs with intent to distribute, one count of unlawful possession of drug paraphernalia, and one count of speeding in excess of the

---

[3] https://okoffender.doc.ok.gov/ (last visited Oct. 23, 2025).

[4] Petitioner marked in his Petition that he was convicted by a jury, but this was likely a clerical error. (Doc. 1, at 2). Both the docket and the Oklahoma Court of Criminal Appeals characterized the trial as a non-jury one. *See* Comanche County District Court, Case No. CF-2017-662, *infra* note 5; (Doc. 1, at Ex. 1, at 31).

2

lawful maximum limit.  *See* Comanche County District Court, Case No. CF-2017-662.[5]  On June 28, 2021, Petitioner was sentenced to twenty-five years[6] of imprisonment on his aggravated drug trafficking charge, with all other terms of imprisonment to be served concurrently and completed before that charge.  Petitioner appealed his conviction to the Oklahoma Criminal Court of Appeals ("OCCA"), which affirmed the judgment and sentence on July 11, 2024.  (Doc. 1, at 2); *see* OCCA, Case No. F-2022-1064.[7]

Petitioner filed the instant Petition on September 22, 2025.  (Doc. 1, at 16).  Petitioner raises two grounds for relief, both of which were raised on appeal to the OCCA: (1) Petitioner's "arrest was in violation of Oklahoma law and plain error occurred when the evidence seized relat[ing] to that arrest was admitted at trial," and (2) "sufficient probable cause [did not] exist[ ] to arrest [Petitioner] and plain error occurred when the

---

[5]https://www.oscn.net/dockets/GetCaseInformation.aspx?db=comanche&number=CF-2017-662&cmid=463639 (*Docket Sheet*) (last visited Oct. 23, 2025).  The undersigned takes judicial notice of the docket sheets and related documents in Petitioner's state criminal proceedings. *See United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (exercising discretion "to take judicial notice of publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand") (citation omitted).

[6] Petitioner also misstates the length of his sentence.  In his Petition, he states that he was sentenced to twenty years of imprisonment.  (Doc. 1, at 1).  Petitioner originally pleaded guilty to all charges and would have served twenty years in prison.  *See* Comanche County District Court, Case No. CF-2017-662, *supra* note 5.  However, he withdrew this plea and was sentenced to twenty-five years of imprisonment when he went to trial.  *See id.*; (*see also* Doc. 1, at Ex. 1, at 31) (Oklahoma Court of Criminal Appeals opinion noting Petitioner's twenty-five-year sentence).

[7]https://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=F-2022-1064&cmid=134231 (*Docket Sheet*) (last visited Oct. 23, 2025).

evidence seized related to that arrest was admitted at his trial." (*Id.* at 5-8). While he does not provide supporting facts for either ground, Petitioner does attach his argument for each from his appeal to the OCCA. (*See id.* at Ex. 1, at 10-28).

**III.   Neither of Petitioner's Claims Are Cognizable Under 28 U.S.C. § 2254.**

    **A.   Because Purely State Law Issues Are Not Subject to Habeas Review, Petitioner's Ground One Should Be Dismissed.**

Petitioner's first ground for relief states generally that his "arrest was in violation of Oklahoma law." (Doc. 1, at 5). While he does not provide facts supporting this ground (and the same for his second ground), the undersigned liberally construes his Petition to include the identical argument made in his appellate brief to the OCCA. There, Petitioner argued that the traffic stop that led to the discovery of illegal drugs and paraphernalia violated Oklahoma law in two different ways. (*Id.* at Ex. 1, at 18). First, he alleges a violation occurred when the arresting officer, who was told via radio by an undercover officer that Petitioner's vehicle was speeding, arrested Petitioner for speeding without "sensory perception" that Petitioner was the one operating the vehicle. (*Id.* at Ex. 1, at 13). Second, Petitioner alleges a violation occurred because the State did not prove that the arresting officer was informed of Petitioner's speeding in the first place. (*Id.* at Ex. 1, at 13-14). According to Petitioner, both actions were contrary to Oklahoma's statute providing for the arrest of traffic violators without a warrant, Okla. Stat. tit. 47, § 16-114. (*Id*. at Ex. 1, at 12).

"The standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") guide [this court's] review of 28 U.S.C. § 2254 applications." *Wellmon*

*v. Colo. Dep't of Corrs.*, 952 F.3d 1242, 1245 (10th Cir. 2020). According to it, a petitioner is entitled to federal habeas relief only if their state adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Where a petitioner argues that their conviction was contrary to law, "the threshold question is whether there exists clearly established *federal* law . . . . The absence of clearly established federal law is dispositive." *Hooks v. Workman*, 689 F.3d 1148, 1163 (10th Cir. 2012) (emphasis added). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

In briefing this issue for the OCCA, Petitioner did not cite a single federal law or the Constitution. He also included no reference to or analysis of federal law in his Petition. The undersigned cannot grant habeas relief when no clearly established federal law is implicated. *See Hooks*, 689 F.3d at 1163; *Anderson-Bey v. Zavaras*, 641 F.3d 445, 448 (10th Cir. 2011) ("Even if we believe that the state courts misinterpreted state law in upholding a defendant's convictions, 'it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.'") (quoting *Estelle*); *Purdy v. Harpe*, No. CV-24-348-D, 2024 WL 5358925, at *4 (W.D. Okla. Dec. 20, 2024), (holding that "'federal habeas corpus relief does not lie for errors of state law'" and recommending

5

denial of Petitioner's claim relating to the application of state statute requiring DNA testing) (quoting *Estelle*), *report and recommendation adopted*, 2025 WL 300614 (W.D. Okla. Jan. 24, 2025); *Loya v. Whitten*, No. CIV-20-922-C, 2021 WL 3477710, at *4 (W.D. Okla. June 7, 2021) (holding that "[v]iolations of Oklahoma law do not entitle Petitioner to federal habeas relief" and recommending "the Court deny any claim to the extent it is solely based on the violation of Oklahoma's statutes or constitution"), *report and recommendation adopted*, 2021 WL 3475580 (W.D. Okla. Aug. 6, 2021).  Thus, Petitioner's first ground should be dismissed.

    **B.**    **Because Fourth Amendment Claims Are Also Not Subject to Habeas Review, Petitioner's Ground Two Should Be Dismissed.**

Petitioner's second ground for relief alleges that law enforcement officers violated Petitioner's Fourth Amendment rights when they arrested him without probable cause. (Doc. 1, at 7; *id.* at Ex. 1, at 19).  As a result of his allegedly unconstitutional arrest, his brief to the OCCA argued that "the admission of evidence seized by law enforcement from the pickup and from [Petitioner's] home at trial was error, directly resulting in convictions in the two felony counts as well as the drug paraphernalia possession charge." (*Id.* at Ex. 1, at 28).

Not all violations of clearly established federal law can be reached by habeas.  The Fourth Amendment broadly protects "against unreasonable searches and seizures." U.S. Const. amend. IV.  To enforce this right, evidence seized in violation of the Fourth Amendment is generally subject to the exclusionary rule, "a judicially created means of effectuating" Fourth Amendment rights that prohibits "the introduction in criminal trials

of evidence obtained in violation of the Amendment." *Stone v. Powell*, 428 U.S. 465, 482 (1976). However, while it is clearly derived from the Constitution, violations of the exclusionary rule are nevertheless unreviewable by a federal court on collateral review of a state-court conviction: "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.* at 494. The Supreme Court has explained this exception for Fourth Amendment violations exists because the exclusionary rule's "primary justification" of "deter[ring] . . . police conduct that violates Fourth Amendment rights" is not served by excluding the evidence in collateral habeas proceedings. *Id.* at 486, 493.

Because the federal portion of Petitioner's claim only implicates the Fourth Amendment, he can only proceed following "a showing that [he] was denied an opportunity for a full and fair litigation of that claim at trial and on direct review." *Id.* at 494 n.37. The Tenth Circuit has explained that this opportunity may include "the procedural opportunity to raise or otherwise present a Fourth Amendment claim," a "full and fair evidentiary hearing," and "recognition and at least colorable application of the correct Fourth Amendment constitutional standards." *Gamble v. State of Okla.*, 583 F.2d 1161, 1165 (10th Cir. 1978).

Petitioner does not allege he was denied any such opportunity. And any argument he could make would be unpersuasive. Petitioner clearly had a "procedural opportunity to raise" his Fourth Amendment claim: he did so on appeal to the OCCA. (*See* Doc. 1, at Ex. 1, at 19-25). He also received a suppression hearing on at least one of the claims raised on

appeal, and if the Fourth Amendment claim was not covered, Petitioner has provided no evidence that any opportunity to raise this constitutional claim was denied. (*See id.* at Ex. 1, at 13) (noting, in the context of the other claim, that Petitioner was afforded a suppression hearing).  Finally, while the OCCA opinion did not closely scrutinize the Fourth Amendment component of Petitioner's argument, it at least colorably applied the correct Fourth Amendment standard for a law enforcement traffic stop before determining the stop was constitutional. (*See id.* at Ex. 1, at 34) (OCCA holding that "[r]easonable suspicion is a "'particularized and objective basis for suspecting the particular person stopped of criminal activity.'") (quoting *Kansas v. Glover*, 589 U.S. 376, 380 (2020)). "[T]he ultimate accuracy of a state court's legal analysis is not relevant to the inquiry required by *Stone* unless the state court willfully refuse[d] to apply the correct and controlling constitutional standards." *Fuller v. Warden, Arkansas Valley Corr. Facility*, 698 F. App'x 929, 941 (10th Cir. 2017) (quotation marks omitted).

Without any evidence that Petitioner lacked a "full and fair" opportunity to litigate his Fourth Amendment claim, this claim should be dismissed. *Stone*, 428 U.S. at 494; *see also Gray v. Crow*, Case No. 19-CIV-45-G, 2019 WL 7480509, at *3 (W.D. Okla. Nov. 1, 2019) (habeas claim denied where petitioner "presented his Fourth Amendment challenges to the OCCA on direct appeal," "trial court conducted a suppression hearing . . . [on] allegedly unlawful seizure," and petitioner did "not show or even suggest that the state courts" refused application of controlling Fourth Amendment law), *report and recommendation adopted*, 2020 WL 50615 (W.D. Okla. Jan. 3, 2020).

## IV.     Recommended Ruling and Notice of Right to Object

For the reasons discussed above, the undersigned recommends that the Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. 1) be **DISMISSED** without prejudice on screening.

**The court advises Petitioner of his right to object to this Report and Recommendation by November 13, 2025**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  The court further advises Petitioner that failure to make timely objection to this report and recommendation waives her right to appellate review of both factual and legal issues contained herein.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 23rd day of October, 2025.

*Amanda L. Maxfield*
AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE