### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RONALD FITZGERALD WILLIAMS, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> SCOTT TINSLEY, Warden, ) <br> ) <br> Respondent. ) | Case No. CIV-25-1124-SLP |

### O R D E R

Petitioner, a state prisoner appearing pro se, filed a Petition for a Writ of Habeus Corpus [Doc. No. 1], pursuant to 28 U.S.C. § 2254. On October 23, 2025, United States Magistrate Judge Amanda Maxfield entered a Report and Recommendation (R&R) recommending the Court dismiss the Petition as it raised issues not subject to habeas review [Doc. No. 6] at 1.

Petitioner was advised that he could object to the R&R on or before November 13, 2025, and that failure to timely object could result in the waiver of his right to appellate review of the factual and legal issues raised. Petitioner timely filed an Objection [Doc. No. 7] to the R&R. Thus, the Court must make a de novo determination of the portions of the R&R to which a specific objection has been made, and may accept, reject, or modify the recommended decision, in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

However, the Court does not construe Petitioner's filing as an "objection" because Petitioner does not specifically challenge any of the Magistrate Judge's findings or

conclusions. *See Hooper v. Stitt*, No. CIV-22-988-D, 2023 WL 2432038, at *1 (W.D. Okla. Mar. 9, 2023) ("In his objection, Plaintiff generally ignores Judge Erwin's analysis and repeats, verbatim, many of the arguments previously presented in his complaint. . . . Plaintiff's failure to identify any specific error in Judge Erwin's analysis prevents further review."), *aff'd*, No. 23-6049, 2023 WL 5923920 (10th Cir. Sept. 12, 2023); *Mathews v. Elhabte*, No. 22-6031, 2022 WL 3592550, at *2 (10th Cir. Aug. 23, 2022) (objection must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute"); *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996) (Any "objection[] to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court."); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).  In the submission, Petitioner cites verbatim language contained in 28 U.S.C. § 2254 and a Pennsylvania procedural statute, 42 Pa. C.S.A. §9545.  Petitioner also cites to *Andrew v. White*, 62 F.4th 1299, 1311 (10th Cir. 2023) without context.  The Petitioner restates and cites law without any substantive arguments addressing the R&R.  The Petitioner does not address any of the Magistrate Judge's findings in the R&R.

     Because Petitioner does not specifically challenge any aspect of the R&R, the Court finds he has waived any objection to the R&R [Doc. No. 6], and this action is subject to dismissal.  Upon review, the Court fully concurs with the analysis set forth in the R&R.

     IT IS THEREFORE ORDERED that the R&R [Doc. No. 6] is ADOPTED in its entirety, and this matter is DISMISSED WITHOUT PREJUDICE.  A separate Judgment of Dismissal shall be entered contemporaneously with this Order

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). When the district court dismisses a habeas petition on procedural grounds, the petitioner must make this showing by demonstrating both "[1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that reasonable jurists would not debate the correctness of the Court's determination. The Court therefore denies a COA.

IT IS SO ORDERED this 19th day of November, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE